FAULKNER, Justice.
This is an appeal from a decree rendered under a cause of action instituted pursuant to § 8-9-12, Code of Alabama, 1975. We affirm.
On May 30, 1964, Bill Mims, a widower, conveyed about 25 acres of land in Chilton County to his son, Forest Mims, and his wife, Irene Mims. He reserved a life interest in the deed. The consideration cited in the deed was $5.00 and other valuable consideration. On August 26, 1970, Bill Mims filed suit to have the deed set aside, alleging in his complaint that all or a material part of the consideration was for the purpose of obtaining from the grantees support for him during his life. On November 9, 1970, Bill Mims died intestate. On March 15, 1971, the suit was revived by C. L. Mims, another son, as personal representative of the estate of Bill Mims. The answer of Forest Mims and Irene Mims alleged that the deed was given to them in consideration of love and affection, and past services of them to Bill Mims, plus the fact that he had instructed his attorney to dismiss his action prior to his death.
The statute under consideration provides that “any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance.”
The trial judge found, and decreed that the evidence was insufficient to prove that a material part of the consideration was an agreement of the grantees to support the grantor during his life.
We have reviewed the entire evidence, the sole issue in this case, and conclude that the trial judge was correct. We find nothing in the evidence to support the allegations of the complaint. Where conflicting testimony is taken ore tenus before the trial court, the findings of the court on the facts have the effect of a jury verdict, and will not be disturbed on appeal unless plainly and palpably wrong, and contrary to the great weight of the evidence. See Pritchett v. Wade, et al., 261 Ala. 156, 73 So.2d 533 (1954); Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70 (1953).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.